United States *v.* Wilbur G. Hallauer

No. 7804.—
Entry No. 146–R, etc.

(Decided March 7, 1950)

*David N. Edelstein,* Assistant Attorney General (*Dorothy C. Bennett,* special attorney), for the plaintiff.
*Lawrence, Tuttle & Harper* (*George R. Tuttle* and *Charles J. Evans* of counsel) for the defendant.

EKWALL, Judge: This case involves 25 collector's appeals for reappraisement filed under section 501 of the Tariff Act of 1930, which arose at the port of Oroville, Wash., and have been consolidated for trial. ' (See enumeration in schedule "A" hereto attached.) They involve American apples exported to Canada for alterations and returned to this country in their improved condition. The exportations took place during a period from November 8, 1947, to and including January 29, 1948. The apples as returned are described as Jonathan 'and Red Delicious in boxes weighing, net, 42 pounds each. According to the invoice descriptions, certain of the apples returned are "Grade C," while others are "Combination fancy and extra fancy" grades. The prices at which they were entered and appraised range from $1.50 to $2 per box for the Grade C, and $2.50 to $3.75 per box for the combination fancy and extra fancy grade. It was agreed by counsel that the unit values found by the appraiser represent foreign value, and that there is no higher export value.

Counsel do not appear to question the unit values found by the appraiser, but it is contended that the values so found should be segregated in order that the value of the apples *per se* and the value of the alterations may be available to the collector for purpose of assessment of duty. In this connection, it appears that if the applicable customs regulations have been complied with, the apples, being of American origin, would be free of duty, whereas the alterations made in Canada are dutiable at the rate applicable to apples if of foreign origin. (Paragraph 1615 (g) and (h), Tariff Act of 1930, as amended by sec. 35, Customs Administrative Act of 1938.) These appeals seek such segregation.

The Government, plaintiff herein, contends that the unit appraised values of the apples here involved include all costs of containers, packing and other costs, charges and expenses incident to placing such apples in condition, packed ready for shipment to the United States, and correctly represent the foreign values of the importations as defined in section 402 (c) of the Tariff Act of 1930, as amended; and that there is no higher export value. Further, the Government contends that included in said unit appraised values are the foreign values of the alterations performed in Canada upon these apples, which for the purposes of paragraph 1615 (g), *supra*, should be segregated from the total appraised values.

This last-named contention is in line with the holding of the court in the case of *United States* v. *Gruen Watch Co.*, 23 C. C. P. A. (Customs) 183, T. D. 48029, where watch movements were exported for repairs. Upon their return to the United States they were held to be dutiable upon the value of the repairs only, and the court stated that "it was the duty of the appraiser to ascertain the value of the watch move-

ments at the time they were returned to this country, and also the value of the repairs made upon said movements." The court further stated:

The collector never acts as an appraising officer, and while said paragraph 1615 uses the words "if imported," we think it is a fair implication that it was the duty of the appraiser to ascertain the value of said watch movements to assist the collector in determining the amount of duty to be assessed against the value of the repairs. The appraiser did ascertain the value of the watch movements and approved the entered value.

The collector failed to appeal to reappraisement, and it is our opinion that the Government is now bound by the appraised value found by the appraiser, and that the collector should have used such appraised value as one of the factors in determining the amount of duty to be assessed against the value of the repairs.

In that case, as in the case before us, the duty was specific and not ad valorem. The court held that the amount of duty which should be assessed against the value of the repairs is "that amount which bears the same proportion to the total duty, if imported, as the value of the repairs bears to the value of the movements."

No testimony was produced in the instant case, but at the hearing counsel for the respective parties orally agreed that the facts were as follows:

* * * apples of American origin are exported to Canada, where they are wiped to remove insecticide spray residue, and then packed in boxes of Canadian origin, after which they were returned to the United States. The detailed operation in Canada was as follows: The apples were trucked to a plant in Canada from the United States in boxes each containing approximately 35 pounds of orchard run apples. The apples were covered more or less with an orchard spray residue. The apples were dumped at the wiping machine in Canada and passed between a series of revolving brushes and revolving rollers with rags on them. This wiping machine removed spray residue and also polished the apples. From the wiping machine the apples passed, with no additional handling, to the grading machine. The apples were conveyed on an endless belt between female inspectors standing on both sides of the conveyor belt, who picked out the culls and various grades of apples. The grades were separated according to size mechanically and diverted to large containers from which the packers placed the apples in tissue wrappers and packed them into boxes. The boxes were removed to the warehouse, where the pack of each grower was stored separately. American labels sent to Canada were placed on the boxes. * * *

It was further agreed that:

* * * the unit values as entered and appraised on the apples in the shipments before the court are the prices on the dates of exportation herein, at which such or similar apples were freely offered for sale for home consumption to all purchasers in the principal markets of Canada in the usual wholesale quantities in the ordinary course of trade, including the cost of all containers and coverings and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States * * *.

Counsel further agreed that the amounts tabulated in exhibit 1 accrued in Canada for the purposes therein listed on the apples here involved. Those amounts are as follows:

| | | Per 800 boxes of 42 lbs. each (Canadian $) | | Per box of 42 lbs. each (Canadian $) | Equivalent to per bushel of 50 lbs. (Canadian $) |
|---|---|---|---|---|---|
| (1) | Wiping | 1. 60 | | 0. 002 | 0. 00168 |
| (2) | Transfer of fruit from boxes to wiping machines | 2. 40 | | . 003 | . 00252 |
| (3) | Sorting after completion of wiping | 72. 00 | | . 09 | . 0756 |
| (4) | (a) Canadian liners & pads | 20. 00 | (56. 00) | . 025 | . 021 |
| | (b) American wrappers | 36. 00 | | . 045 | . 0378 |
| (5) | Wrapping and packing in boxes for shipment | 210. 80 | | . 2635 | . 22134 |
| (6) | Canadian packing boxes | 233. 20 | | . 2915 | (. 24486) |
| (7) | Labels (of U. S. origin) | 4. 00 | | . 005 | . 0042 |
| (8) | Miscellaneous expenses | 20. 00 | | . 025 | . 021 |
| | | 600. 00 | | . 75. | . 63 |

It was further agreed that the amounts listed in exhibit 1, above set forth, were not charged extra in the home market or for export, over and above the freely offered price per bushel or per box of the apples after processing and wrapping; that item 4 (b) above consisted of American wrappers returned to the United States; item 7 consisted of labels of American origin which were returned to the United States; and item 5 is for labor in wrapping and packing for shipment either to points in Canada or to the United States; the same charges being applicable to the home market and the export market; and that the Canadian boxes in item 6 were the usual containers of apples.

The Government's contention is based on the assumption that the unit consists of a "42-lb. box" of apples, whereas the importer alleges that the article before the court consists not of a box of apples but an apple. In line with these contentions, it is claimed by the Government that the items properly to be included in the dutiable value consist of the cost of wiping, transfer of fruit from boxes to wiping machines, sorting after completion of wiping, Canadian liners and pads, wrapping and packing in boxes for shipment, Canadian packing boxes, and miscellaneous expenses, and that the items of American wrappers and labels of United States origin are conditionally nondutiable under paragraph 1615 (h), supra. On the other hand, the importer contends that the alterations made in Canada to the involved apples comprise only their wiping and polishing, at the values set forth in items 1 and 2 of exhibit 1 above. Both sides agreed at the hearing that no explanation of item 8, "Miscellaneous expenses," was desirable.

In connection with the importer's claim that the articles here involved consist of "apples" rather than "boxes of apples," it is noted that these apples were exported to Canada in boxes containing approximately 35 pounds of unsorted and ungraded apples and were returned in Canadian packing boxes containing 42 pounds of sorted

and graded apples. Counsel have agreed that the unit entered and appraised values of the apples are the prices on the dates of exportation at which such or similar apples were freely offered for sale for home consumption to all purchasers in the principal markets of Canada, including the costs, charges, and expenses enumerated in section 402 (c) of the Tariff Act of 1930. The unit of value upon which the invoice and appraisement were based was a box of apples weighing 42 pounds. Moreover, counsel agreed that the cost of containers, packing, and other expenses such as wiping, grading, etc., incident to placing the apples in the condition in which sold in that unit, were not charged for in addition to the freely offered selling price in the home market. Since such expenses would have accrued on all such wiped and graded apples in the markets of Canada, and no extra charge therefor was made in addition to the selling price per 42-pound box, it must follow that the elements of market value represented by such expenses are included in the freely offered selling prices thereof returned as foreign values by the local appraiser. I am therefore not in accord with this claim of the importer.

For the reason that I find the unit of value to be a 42-pound box of apples, I can see no merit in defendant's contention that the only items listed in exhibit 1, *supra*, which can be considered as alterations are items 1 and 2 for wiping and for transfer of fruit from boxes to wiping machines, as these are the only alterations to the apples themselves. As to the remaining items, with the exception of item 8 for miscellaneous expenses, I find that they constitute the value of the alterations made in Canada, noting that the items of American wrappers and of labels of United States origin, presumably would be conditionally nondutiable under paragraph 1615 (h), *supra*.

As to item 8, counsel agreed that it is not desirable to have any explanation in the record with regard to the miscellaneous expenses. Nevertheless, plaintiff contends in the brief filed that such item forms part of the value of the alterations, whereas defendant claims that this item together with others contributed nothing to the alteration of the apples themselves. As to that item, I find that the Government has not sustained the burden of proof that it constitutes a part of the value of alterations to either the apples *per se* or the box of apples which I have found to be the unit of value.

The determination of the "value of repairs" to returned American goods is replete with difficulties, but I think the construction placed on the term in T. D. 45084, 60 Treas. Dec. 273, is helpful. The acting commissioner of customs there interpreted the phrase to mean the value of the materials used and/or the labor consumed in making the repairs.

From the record before me, I find that the merchandise here involved, consisting of returned American apples packed in 42-pound boxes, is properly dutiable upon the basis of the statutory foreign

values as returned by the local appraiser; that included in the aforesaid foreign values are the following items representing value of alterations to returned American goods:

| | Per box of 42 lbs. (Canadian $) |
|---|---|
| Wiping | 0. 002 |
| Transfer of fruit from boxes to wiping machines | . 003 |
| Sorting after completion of wiping | . 09 |
| Canadian liners & pads | . 025 |
| Wrapping and packing in boxes for shipment | . 2635 |
| Canadian packing boxes | . 2915 |

Also included in the value are the following items:

| American wrappers | 0. 045 |
|---|---|
| Labels of U. S. origin | . 005 |

Judgment will issue in accordance with this decision.